## Haly's Estate.

*Executors and administrators—Collection of rents— Commissions—Counsel fee.*

Where an administrator c. t. a. under an agreement with the devisees under the will collects rents, and mingles them with the general funds of the estate, and after the death of the administrator c. t. a., his surety files an account, the court will not allow more than full commissions on the sums derived as rentals, nor will it award commissions on the value of unsold real estate, nor allow counsel fee to the estate of the administrator c. t. a. ; but a counsel fee will be allowed to the surety who has filed the account.

Argued Oct. 8, 1900. Appeal, No. 93, Oct. T., 1900, by Esther H. Cochran, administratrix of Thomas Cochran, deceased, from decree of O. C. Phila. Co., April T., 1883, No. 126, dismissing exceptions to adjudication in the estate of Robert Haly, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Robert Haly died on January 21, 1882, leaving a will by which he devised a large amount of real estate to his children, and appointed Thomas G. Wyatt as executor. Subsequently letters of administration c. t. a. on the estate were granted to Thomas Cochran, and the Guarantee Trust & Safe Deposit Company became his surety. By agreement with the children, Thomas Cochran collected the rents and sold a portion of the real estate. The money derived from the real estate was mingled with the other moneys of the estate.

After the death of Thomas Cochran his surety filed an account. The auditing judge allowed a counsel fee to the surety, but refused to allow a counsel fee to the representatives of Thomas Cochran. He also refused to allow commissions on unsold property, or more than full commissions on rentals.

Exceptions to the adjudication were dismissed by the court in banc, ASHMAN, J., filing the following opinion:

The auditing judge gave full scope to the rule that an executor or trustee shall receive an adequate compensation for his services, when he awarded full commissions upon the sums derived as rental from the real estate. The collection of the rents, to begin with, was not the personal work of the deceased accountant, but of a third party whom he employed, and who has been paid by the estate; and the only argument in defense of double commissions in such a case is that the properties are so many in number or of such a character as to engross in their care an amount of time and trouble which an executor or trustee cannot be reasonably expected to give. But the collection of rents, as the auditing judge has shown, was no part of the official concern of the administrator; and their retention in the account was a matter of favor and in response to the agreement of the cestuis que trust. They were moneys for which he was so exclusively responsible as agents of the parties, and not as administrator of the estate, that the surety on his administration bond cannot be held answerable in the event of a default. Having recognized them, however, as the subject of a legitimate debit in the account, it was proper to allow a credit in the shape of commissions. But no principle will permit us to go further and award a commission on the value of the unsold real estate. A trustee has been granted a commission on the principal of the trust estate where the trust has terminated, and where its administration had entailed upon him continuous labor and responsibility (Biddle's App., 83 Pa. 340); but the deceased accountant was not a trustee, and we can regard him only in the capacity in which he was placed by his testator. He sold some of the real estate and was awarded compensation therefor, and he is probably entitled to be paid for his effort to sell the rest; but the remedy for the recovery of such pay lies in another court.

72 HALY'S ESTATE.

Opinion of Court below—Opinion of the Court.    [16 Pa. Superior Ct.

Counsel for the estate of the deceased accountant applied for the allowance of a counsel fee.  The difficulty is that the account was not filed by the representatives of the administrator, but, for some unexplained reason, by his surety.  It follows that the testator's estate cannot be made to compensate these representatives for a service which they left to another to perform.

The exceptions are dismissed.

*Errors assigned* were in refusing the various claims.

*Joseph W. Hunsicker*, with him *Charles Hunsicker* and *George T. Hunsicker*, for appellant.—The power of sale to the executor rendered him accountable for the real estate to a certain extent, and brought him within the jurisdiction of the orphans' court: Twaddell's App., 81* Pa. 221.

Administrators c. t. a. have the same power, duty and liability as to real estate as executors: Act of February 24, 1834, P. L. 70, sec. 67; Act of March 12, 1800,, 3 Sm. L. 433, sec. 2.

No paper-book filed or appearance entered for appellee.

OPINION BY ORLADY, J., January 22, 1901:

It is conceded that the administrator of this decedent did not have authority to collect the rents of the real estate which was devised to the children.  By virtue of an agreement with these children the administrator as their agent took charge of the real estate and accounted for all the rents received.  The whole fund is before the court for distribution and subject to the charges which produced it.  The claim of the counsel who represented the estate of the deceased administrator is a very reasonable one, and is for services which were of advantage to his client, but the estate now being adjudicated is not liable for his demand, as the services were not rendered under the direction of the accountant nor for any one authorized to bind the estate.  The reasons given for the decree of the orphans' court are free from error and it is affirmed.